UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANA TURNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE COVANCE MANAGED )<br>DISABILITY PLAN, )<br>)<br>Defendant. ) | CASE NO. 1:05-cv-1471-DFH-WTL |

ENTRY ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

Plaintiff Diana Turner has sued defendant The Covance Managed Disability Plan ("the plan") claiming that disability benefits she was receiving were wrongly terminated. The court has federal question jurisdiction because Turner's claim for benefits arises under the Employee Retirement Income Security Act of 1973 (ERISA), 29 U.S.C. § 1132(a)(1)(B). The plan has asserted a counterclaim alleging that Turner stopped paying her premiums, as required by the plan, on October 1, 2004. The plan seeks the return of payments erroneously made on Turner's behalf, or at least the payment of the applicable premiums.

Turner has moved to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). She contends that the relief the plan seeks is not equitable in nature and thus is not available under 29 U.S.C. § 1132(a)(3)(B), which authorizes a fiduciary to bring a civil action "to obtain other appropriate

equitable relief. . . ." The court denies the motion to dismiss the counterclaim. Whether the counterclaim arises under state or federal law, it is a compulsory counterclaim in this ERISA action over which the court already has jurisdiction.

*Discussion*

Rule 12(b)(6) applies by its terms to counterclaims as well as to a plaintiff's claims. In ruling on a motion to dismiss any claim under Rule 12(b)(6), the court must assume as true all well-pleaded facts set forth in the claim, construing the allegations liberally and drawing all inferences in favor of the party asserting the claim. *Brown v. Budz,* 398 F.3d 904, 908-09 (7th Cir. 2005). The court treats the following allegations of fact as true for purposes of Turner's motion to dismiss. Turner was required to pay premiums to The Covance Medical Plan in order to be entitled to receive benefits from the plan. Turner ceased paying such premiums on October 1, 2004, making her ineligible to receive benefits thereafter. The plan, however, inadvertently continued to pay over $41,000 in benefits to Turner. The premiums that Turner should have paid during the time period she received the benefits exceed $5000.

Federal courts have been wrestling for years with whether various claims asserted by employee benefit plans against their participants and beneficiaries are cognizable as claims for equitable relief under 29 U.S.C. § 1132(a)(3). Most recently, the Supreme Court resolved a split among the circuits in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S. Ct. 1869 (2006). The Court held in *Sereboff*

that a plan that had paid for a participant's medical treatment could assert and enforce under ERISA a lien on the proceeds of a participant's tort lawsuit for damages from the accident that caused the injuries. The Court based its conclusion primarily on the fact that the plan was able to identify a particular fund, distinct from the participant's general assets, against which it could assert an equitable lien. 126 S. Ct. at 1875. That particular, distinct fund distinguished the case from *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002), which rejected a plan's claim for a share of a participant's tort recovery to reimburse what the plan had spent on medical expenses because the funds sought by the plan were no longer in the participant's possession.

The parties in this case have cited federal court decisions both recognizing and rejecting ERISA plans' claims asserted under ERISA for overpaid benefits. Compare *Trustees of Screen Actors Guild – Producers Pension and Health Plans v. Materna*, 70 F. Supp. 2d 1082, 1085-86 (C.D. Cal. 1999) (recognizing ERISA claim by plan to recover benefits paid improperly), with *Community Ins. Co. v. Morgan*, 54 Fed. Appx. 828, 832, 2002 WL 31870325, at \*\*3-4 (6th Cir. 2002) (rejecting claim under ERISA and holding that state law claim was preempted by ERISA, leaving no apparent remedy for overpaid benefits); but see, regarding preemption issue, *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 782 (7th Cir. 2002) (plan's state law claims against participant for fraud and fraudulent concealment to obtain benefits were not preempted by ERISA; dismissal of ERISA claims had not been appealed), and *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172-

73 (9th Cir. 2004) (plan's state law claim against participant for breach of contract by failure to reimburse health care payments from tort settlement was not preempted by ERISA).[1]

In this case, at least at this stage, the court need not determine whether the plan's counterclaim arises under ERISA or under state law. In either event, the counterclaim is properly before the court as a compulsory counterclaim within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure. The counterclaim arises from the same transaction or occurrence as plaintiff's claim for denial of benefits, which undoubtedly arises under ERISA. The court therefore has supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367, even if it is ultimately deemed to arise under state law.

Accordingly, plaintiff's motion to dismiss the counterclaim is hereby denied.

So ordered.

Date: September 11, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

---

[1] Allowing a remedy for the alleged wrong would be consistent with ERISA, regardless of whether the remedy is deemed to arise under ERISA itself or under state law that is not preempted, notwithstanding *Community Ins. Co. v. Morgan.* See *Geller v. County Line Auto Sales, Inc.*, 86 F.3d 18, 22-23 (2d Cir. 1996) (plan's state law fraud claim against those who benefitted from false claim that decedent's girlfriend had actually been an employee of company was not preempted by ERISA; ERISA's preemption provision "should not be read to contravene the statute's underlying design").

Copies to:

Carrie Wagner Bootcheck
BOSE MCKINNEY & EVANS, LLP
cbootcheck@boselaw.com

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE
charleshankey@hankeylawoffice.com

Charles D. Hankey
charleshankey@hankeylawoffice.com

Philip J. Ripani
BOSE MCKINNEY & EVANS, LLP
pripani@boselaw.com